UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STILLWATER OF CROWN POINT HOMEOWNER'S ASSOCIATION, INC., individually and behalf of its members; ROGER P. MAHONEY; KENT KOLODZIEJ; and KEVIN J. and MARGARET MCKENNA, | ) ) ) ) ) |
| Plaintiffs, | ) NO.: 2:09-CV-157-PPS-PRC ) |
| v. | ) ) |
| JACK KOVICH; INNOVATIVE ENTERPRISES, LTD; ROBERT STIGLICH; STILLWATER PROPERTIES, LLC; HAWK DEVELOPMENT CORP.; and CITY OF CROWN POINT, INDIANA, | ) ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Judgment against one defendant, Stillwater Properties, LLC. [DE 53.] Because granting the motion for default judgment would risk the possibility of inconsistent adjudications with respect to the remaining nondefaulting parties, Plaintiffs' motion for default judgment is DENIED at this time.

**BACKGROUND**

On September 11, 2008, the banks of Smith Ditch overflowed after a heavy rainstorm. [DE 1-3.] Smith Ditch runs through two subdivisions adjacent to each other in the city of Crown Point, Indiana. [*Id.*] The heavy rain and subsequent flooding resulted in property damage to various common areas and homes within the two subdivisions. [*Id.* at 4.]

The Plaintiffs are the Stillwater Homeowner's Association and four individual homeowners within the Stillwater and Pine Hill subdivisions – the two affected subdivisions. [*Id.* at 1.] The homeowners filed a six-count complaint on June 4, 2009 alleging a violation of the Clean Water Act, breach of restrictive covenants, breach of implied habitability, negligence, and nuisance. [*Id.*] The homeowners have sued six defendants in total: the three developers of the subdivisions; the two individual partners of land developer Stillwater Properties, LLC; and the City of Crown Point, Indiana. [*Id.*] Except for Stillwater Properties, LLC, all defendants, including the individual partners of Stillwater Properties, have answered the homeowners' complaint and are actively defending this suit. [DE 53.] The matter as it pertains to the answering defendants is currently pending by consent of the parties before Magistrate Judge Cherry, pursuant to 28 U.S.C. § 636. [DE 34.]

To this point, Stillwater Properties has not answered the summons or appeared before the Court to defend the claims against it in any way. [DE 53.] As a result, the homeowners filed a motion for entry of default against Stillwater Properties under Federal Rule 55(a), which the Clerk of the Court entered on October 9, 2009. [DE 38, 42] The homeowners followed up the entry of default with a motion for default judgment. [DE 53.] The homeowners then moved for a "Praecepe" seeking a prompt ruling on the motion for default judgment. [DE 73.]

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a Rule 55(b)(2) default judgment, Rule 55(a) provides that there must first be an entry of default. *Hill v. Barbour*, 787 F. Supp. 146, 148 n. 4 (N.D. Ill. 1992). Under Rule 55(a), the clerk is to make the entry of default on a party against whom a judgment is sought

when that party has failed to plead or otherwise defend. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Entry of default is "recognition of the fact that a party is in default for a failure to comply with the rules." *Hill*, 787 F. Supp. at 148 n. 4. Once the clerk enters default, Rule 55(b) gives the District Court the power to enter default judgment. *Dundee Cement Co. V. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1322 (7th Cir. 1983). A default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the complaint. *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. ll. 2007) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1397 (7th Cir. 1989)).

In deciding whether to grant a motion for default judgment, the Court must exercise sound judicial discretion. *O'Brien v. R.J. O'Brien & Assocs.,* 998 F.2d 1394, 1398 (7th Cir. 1993). The Court may consider a number of factors when deciding a motion for default judgment, including the amount of money potentially involved, whether material issues of fact or issues of substantial public importance exist, whether the default is largely technical, whether the plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 3d* § 2685 (1998); *see also Witzlib v. Cohen*, 2009 U.S. Dist. LEXIS 113473, 1-2 (E.D. Wis. 2009).

There is no question that Defendant Stillwater Properties has failed to respond to or otherwise defend this suit. But there is a wrinkle in this case. The remaining five defendants have filed answers to the Complaint, are now in the midst of litigation and deny wrongdoing. The homeowners have filed six causes of action. Count I is a Clean Water Act citizen suit claim, brought against Stillwater Properties and four other defendants. Count II of plaintiffs' complaint

alleges a breach of a restrictive covenant against Stillwater Properties and three other defendants. Count III is against Stillwater Properties and four other nondefaulting defendants for breach of an implied warranty of habitability. Counts IV, V and VI are claims of negligence per se, negligence and nuisance, asserted against all six defendants. Each of the claims against Stillwater is asserted against nondefaulting defendants as well, who may, in the course of defending against the claims, demonstrate that no liability properly lies on one or more of the various causes of action, or that the amount of damages is other than claimed in the motion for default judgment. This possibility militates against a default judgment against Stillwater Properties – at least at this point in time. This is because such an entry may ultimately be inconsistent with the adjudication of the same claim on the merits against the nondefaulting defendants.

In situations where default judgment is sought from fewer than all defendants, "courts have recognized that if an entry of a default judgment against a defendant in a multi-defendant action could result in inconsistent judgments, entry of default judgment prior to adjudication of the merits of the case with regard to the nondefaulting parties may be improper." *Nokes,* 2010 U.S. Dist. LEXIS 16113 at 5; *State Farm Mut. Auto Ins. Co. v. Jackson*, 736 F. Supp. 958, 961 (S.D. Ind. 1990) (citing *Marshall & Ilsley Co. v. Pate*, 819 F.2d 806 (7th Cir. 1987); *Frow v. De la Vega*, 82 U.S. 552, 21 L. Ed. 60 (1872); *In re Uranium Antitrust Litig.*, 617 F.2d 1248 (7th Cir. 1980)). Within the Seventh Circuit, this notion is narrowly construed and applied only where the theory of recovery is of joint liability, or when "the nature of the relief is such that [it] is necessary that judgments against the defendants be consistent." *Nokes,* 2010 U.S. Dist. LEXIS 16113 at 6 (citing *Jackson*, 736 F. Supp. at 961; *Pate*, 819 F.2d at 812); see also *Home*

4

*Ins. Co. of Il. v. ADCO Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) ("In a suit against multiple defendants a default judgment should not be entered against one until the matter has been resolved as to all.")

*Nokes* illustrates this principle. There, seven of eleven defendants had failed to answer or otherwise defend against the plaintiff insurance company's complaint seeking declaratory judgment. *Nokes,* 2010 U.S. Dist. LEXIS 16113 at 7. However, the four remaining nondefaulting defendants were in the process of resolving the matter on the merits through litigation. *Id.* As the Court there explained:

> If [the nondefaulting Defendants] are successful, the judgment will state that [Plaintiff] has a duty to indemnify the policyholder Donald Nokes and is liable for a judgment rendered against him. But a default judgment against the defaulting Defendants would find that [Plaintiff] has no duty to indemnify Nokes under the same insurance policy. The possibility of such inconsistency weighs against granting [Plaintiff]'s default motion, at least at this point.

*Id*. at 7-8. The risks in *Nokes* are present in this case as well. If this Court were to grant the homeowners' motion for default judgment against Stillwater Properties, and the nondefaulting defendants end up winning on the merits of the case that is still ongoing, inconsistent judgments arising out of the same conduct would result. Such risk weighs heavily in favor of denying the homeowners' motion.

The amount of money involved is another factor weighing against the entry of default judgment when the merits of the claims remain pending – and therefore in dispute – as to the nondefaulting defendants. Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true, and the amount of damages suffered must be proved. *In re Catt*, 368 F.3d 789,

793 (7th Cir. 2004); *Yang v. Hardin*, 37 F.3d 286 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). In fixing damages for purposes of default judgment, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *In re Catt*, 368 F.3d at 793. Plaintiffs seek a default judgment against Stillwater in the amount of $2.7 million, a substantial sum that merits caution in the award of a judgment not arrived at after fully adversarial defense of the claims asserted. This is especially true where the homeowners' motion for default judgment includes no arguments or authority as to whether the causes of action in the complaint carry liability that is joint, or joint and several, which *In re Uranium Litigation* suggests is a necessary consideration.

I am mindful of the Seventh Circuit's instructions to explain the reasons for vacating or denying default judgments against non-answering parties. *Marshall*, 819 F.2d at 812 (citing *In re Uranium*, 617 F.2d at 1248). Here, the homeowners' motion for default judgment against Stillwater Properties is denied in order to avoid inconsistent adjudications as to liability and damages, particularly in view of the substantial amount of the judgment sought. See *Marshall*, 819 F.2d at 812; *In re Uranium*, 617 F.2d at 1257. Of course, the homeowners are free to re-raise the issue after the case against the non-defaulting defendants has been resolved.

In their "Praecepe," the homeowners urge a quick entry of default judgment against Stillwater based on the following circumstances: "Plaintiffs have reason to believe that Stillwater is not a going concern and that a ruling on Plaintiffs' Motion is necessary to prevent dissipation of Stillwater's remaining assets. Plaintiffs will be prejudiced if Stillwater's assets are sold, encumbered or transferred before default judgment is entered against Stillwater." [DE 73, ¶5.] A defendant out of business, and uncertainty as to the assets available to satisfy the judgment, are

circumstances present in nearly all default situations, and, without more, are not factors weighing heavily in favor of default judgment. This is particularly so where plaintiffs offer no allegations, much less evidence, of particular facts as to the status of Stillwater and its assets. Simply saying that they "have reason to believe" that Stillwater is dissipating assets is not evidence. To the extent that Plaintiffs can marshal concrete evidence to prove this point, then they are free of course to refile their request for default judgment. But based on the current state of the record, whatever prejudice the homeowners may suffer here as a result of delaying default judgment until the suit has been decided on the merits is not shown to overcome the risk of inconsistent adjudications.

## CONCLUSION

Plaintiffs' **Motion for Default Judgment [DE 53] is DENIED** with leave to re-file after judgment is reached with regard to the nondefaulting defendants. To the extent that it constitutes a motion, plaintiffs' **"Praecepe for Ruling on Motion for Default Judgment" [DE 73] is also DENIED.**

**SO ORDERED.**

Entered: April   15  , 2010

                                          s/ Philip P. Simon
                                         PHILIP P. SIMON, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT